IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MATTHEW GREEN,                           )
                                         )
                                         )          2:23-CV-1406-MJH
                Plaintiff,               )
                                         )
        vs.                              )
                                         )
SELENE FINANCE LP,                       )
                                         )

                Defendants,

**<u>MEMORANDUM OPINION</u>**

Matthew Green commenced this proceeding, *pro se*, by filing a Complaint seeking to establish claims against Selene Finance LP.  (ECF No. 1).   The Complaint names no specific cause of action against the Defendant, but it is ostensibly a dispute of amounts owed on a mortgage.  *Id*.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, *sua sponte*, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case.  Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties.  If a case, as presented by the plaintiff, does not meet the requirements of subject-matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action.  Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from the defendant." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016).

In his Complaint and accompanying documents, Mr. Green does not identify a basis for federal jurisdiction, either federal question or diversity.  Federal question jurisdiction is defined as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. § 1331.  Here, Mr. Green cites to no federal laws that would confer jurisdiction on this Court.  Therefore, this Court cannot maintain subject-matter jurisdiction pursuant to a federal question.

Given Mr. Green's *pro se* status and giving him the benefit of the doubt, the Court will also examine the potential for his establishment of subject-matter jurisdiction through diversity.  Diversity jurisdiction is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States

28 U.S.C.A. § 1332(a)(1).

Here, Mr. Green, in his Civil Cover Sheet, he lists a Pennsylvania address for both himself and Selene Financial LP.  On the face of Mr. Green's pleadings, the Court surmises that he and the Defendant are citizens of the same state.  This would not support diversity jurisdiction under 28 U.S.C.A. § 1332(a)(1).  However, even if Mr. Green establishes Selene Financial LP, as an out-of-state defendant, his claim for monetary relief is illegible whereas this court cannot determine the "matter in controversy" and whether it meets the statutory threshold of $75,000.  Mr. Green's claim for relief appears to be either $30,000 or $40,000, which in either case, falls below $75,000.

Accordingly, because Mr. Green's Complaint does establish subject-matter jurisdiction on the basis of federal question or diversity, his Complaint will be DISMISSED.  He may amend his Complaint on or before August 28, 2023.  Should no amendment be filed by said date, the clerk will mark this case closed.

The Court would invite Mr. Green to consider, before any further filing in this Court, that he consider seeking counsel on the best course of action and proper jurisdiction.  Based upon Mr. Green's listed address, he might contact the following resources as listed on the Westmoreland County Bar Association website:

Laurel Legal Services 1-800-253-9558; and/or

Westmoreland Bar Association Lawyer Referral (724) 834-8490

DATED this 10th day of August, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

cc:    Matthew Green, pro se
       54 Barri Drive
       Irwin, PA 15642